IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH W. ALVAREZ,

        Petitioner,              No. CIV S-10-1487 LKK DAD P

   vs.

DARREL G. ADAMS,

        Respondent.        <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an answer to the petition on October 5, 2010, and petitioner filed a traverse on December 6, 2010. Before the court are petitioner's motions for an evidentiary hearing and for the appointment of counsel filed December 6, 2010. Petitioner contends that an evidentiary hearing should be conducted in order to resolve the claims contained in the instant petition; to wit, that his constitutional rights were violated by the trial court's denial of a motion for new trial based on ineffective assistance of counsel, and that the evidence introduced at his trial was insufficient to support his conviction for first degree murder.

        Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that where a petition for a writ of habeas corpus is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court

1

1    proceedings are filed, shall, upon review of those proceedings, determine whether an evidentiary

2    hearing is warranted.  An evidentiary hearing on a claim is required where it is clear from the

3    petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the

4    state court trier of fact has not reliably found the relevant facts.  See Hendricks v. Vasquez, 974

5    F.2d 1099, 1103 (9th Cir. 1992); Murray v. Schriro, No.  CV-99-1812-PHX-DGC, 2008 WL

6    1701404, at *56 (D.Ariz. Apr. 10, 2008).  The function of an evidentiary hearing is to resolve the

7    merits of a factual dispute.  Townsend v. Sain, 372 U.S. 293, 309 (1963), overruled in part by

8    Keeney v. Tamayo-Reyes, 504 U.S. 1 (1993).  Accordingly, a hearing is unnecessary when the

9    petitioner raises only issues of law in seeking habeas relief.  Id.

10            Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

11   express limitations are imposed on the power of a federal court to grant an evidentiary hearing in

12   habeas proceedings such as this.  The habeas statute provides that a district court may not hold an

13   evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state

14   court unless petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional

15   law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual

16   predicate that could not have been previously discovered through the exercise of due diligence,

17   and (2) the facts underlying the claim would be sufficient to establish by clear and convincing

18   evidence that but for constitutional error, no reasonable fact finder would have found the

19   applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).  Even where an evidentiary

20   hearing is permitted because a prisoner is able to clear the hurdles posed by § 2254(e)(2), such a

21   hearing is not required.  Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000).  The district court

22   retains discretion whether to hold an evidentiary hearing or to expand the record with discovery

23   and documentary evidence instead.  Williams v. Woodford, 384 F.3d 567, 590 (9th Cir. 2004).

24   Use of this permissible intermediate step may avoid the necessity of an expensive and time

25   consuming evidentiary hearing in every habeas corpus case.  Id. at 590-91.

26   /////

2

Here, as a threshold matter, petitioner has not alleged a valid reason why he is entitled to an evidentiary hearing under § 2254(e)(2).  He does not assert that his claim relies on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, nor does he allege that the factual predicate of his claim could not have been previously discovered through the exercise of due diligence.  Moreover, it is not clear to the court that the facts petitioner seeks to develop could not be gathered other than by way of an evidentiary hearing, such as through the use of discovery and supplementation of the record.  See Downs, 232 F.3d at 1041.

Until this court has the opportunity to conduct a thorough review of the merits of petitioner's claims, the court cannot determine whether there is a factual dispute necessitating an evidentiary hearing or supplementation of the record in this case.  Following such a review, the court will sua sponte issue an order setting an evidentiary hearing should it find that such a hearing is necessary.  Accordingly, petitioner's request for an evidentiary will be denied at this time without prejudice to the court sua sponte setting the matter for evidentiary hearing if appropriate.

Petitioner has also requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's December 6, 2010 motion for an evidentiary hearing is denied without prejudice to the court's sua sponte reconsideration should the court conclude that an evidentiary hearing is necessary upon consideration of the merits of petitioner's claims; and

/////

2.  Petitioner's December 6, 2010 motion for appointment of counsel is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: December 17, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
alvarez1487.o

4